## Jeremiah Young & Denton J. Snyder, plaintiffs in error, *vs.* Thomas M. Isett, defendant in error.

*Error to Muscatine.*

Where A sold to B a lot of land for $675,00, and three hundred dollars were paid down, and notes given for the remainder by B, and the vendor executing a bond to convey upon the payment of the last note, and before the note fell due, B sold the lots, and assigned the title bond to C, who knew of A's lien for the balance of the purchase money. Upon a bill filed by A against B & C, held that his lien against C should be enforced.

This was a bill in chancery filed by Isett against Young & Snyder. The bill stated that on the 19th March, 1840, the complainant owned the north half of lot No. 2, in block No. 10, in the town of Bloomington, and that he sold one half of it to Young for $675 ; he paying three hundred down, and giving two notes for the balance, the last due and payable 1st April, 1841. And that complainant executed a title bond to convey said half lot at that time, and gave Young possession. That before either of the notes became due, Young left the territory, and had not returned. That previous to his departure he sold the title bond to Snyder, who purchased with full knowledge that the notes were unpaid. That Snyder was then in possession of the lot and bond. That complainant had repeatedly requested Snyder to pay the money, take a deed and cancel the bond and notes, which he refused to do. That complainant had followed Young to foreign parts, and had made the same offer to him, which he also refused. That he could not collect the notes of Young by reason of his absence and insolvency. Concluding with a prayer that the contract be cancelled, or that the lot be sold and the proceeds applied to the extinguishment of the debt, &c.

To this bill there was a general demurrer for the want of equity.

The cause was finally heard at June term, 1843, and a decree that the defendants equitable interest in said half lot should be sold for the benefit of Isett, and that upon the payment of the amount due him, he should make a deed to the purchaser, &c.

HASTINGS, for plaintiffs in error.

WHICHER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—This was a bill brought by Isett to subject certain real estate to a vendor's lien. The bill sets forth that the complainant being the owner of a half lot of ground in the town of Bloomington, on the 14th day of March, 1840, sold the same to the defendant Young, for the sum of six hundred and seventy-five dollars ; three hundred of which was paid down, and two notes given for the remainder. The complainant at the same time executed a title bond, conditioned to execute a deed upon the payment of the remainder of the purchase money. Before the notes became due, the defendant Young, removed from the territory ; selling at the same time the half lot aforesaid, and assigning said bond to the defendant Snyder, who purchased with a full knowledge of the facts above mentioned. The bill then alleges that Young is of doubtful solvency, so that to follow and prosecute him abroad would be without avail. Upon this state of alleged facts, he asks the enforcement of his lien against the present possessor of the premises.

To this bill the defendants demurred, which demurrer was overruled and a decree entered pursuant to the prayer of the bill. We are now to enquire whether the court below erred in thus overruling the demurrer. The decision of this question depends entirely upon that of the right of the complainant to enforce a vendor's lien under the circumstances set forth in the bill.

Snyder being a purchaser with notice of the complainant's equity, is in no better situation than his co-defendant would have been had he remained still in the ownership and possession of the property. The only possible doubt in this case is, as to the vendor's lien applying to equitable titles like that held by the defendants. The decisions in Blackford are directly in point, and we shall adopt the rule there laid down, see 1 Blackford, 246 and 416.

Decree affirmed.